UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 2, 2013

LETTER TO COUNSEL:

      RE:   *Jesse Camper v. Commissioner, Social Security Administration*;
                Civil No. SAG-12-1433

Dear Counsel:

On May 14, 2012, the Plaintiff, Jesse Camper, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Supplemental Security Income and Disability Insurance Benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 16, 18]. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Camper filed his claims for benefits on April 23, 2009, alleging disability beginning on June 30, 2009. (Tr. 19). His claims were denied initially on December 1, 2009, and on reconsideration on May 12, 2010. (Tr. 19). A hearing was held before an Administrative Law Judge ("ALJ") on October 12, 2010. (Tr. 19). Following the hearing, on November 16, 2010, the ALJ determined that Mr. Camper was not disabled during the relevant time frame. (Tr. 19-27). The Appeals Council denied Mr. Camper's request for review (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Camper suffered from the severe impairments of degenerative disc disease; status post neck and knee surgeries; and osteoarthritis of the right knee. (Tr. 21). Despite these impairments, the ALJ determined that Mr. Camper retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR § 404.1567(b) except he is capable of lifting 10 pounds frequently and 20 pounds occasionally; standing for 1 hour and sitting for 1 hour on an alternating basis, 8 hours per day, 5 days per week; and should avoid hazardous machinery.

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Camper could perform his past relevant work as a counselor and maintenance supervisor, and could also perform work existing in significant numbers in the national economy. The ALJ

subsequently determined that he was not disabled during the relevant time frame. (Tr. 26-27).

Mr. Camper presents three primary arguments on appeal: that the ALJ (1) failed to properly evaluate his short-term memory loss as a severe impairment; (2) failed to evaluate all of the medical evidence in accordance with 20 CFR § 404.1527(d) and 20 CFR § 416.927(f)(ii); and (3) failed to give a proper hypothetical to the vocational expert during Mr. Camper's hearing. Each argument lacks merit.

Mr. Camper first argues that the ALJ erred at step two of the Social Security Act's five-step disability determination procedure in failing to evaluate his short-term memory loss as a severe impairment. Pl. Mot. 7. A claimant need only make a threshold showing at step two that an "impairment or combination of impairments . . . significantly limits [his or her] physical or mental ability to do basic work activities" for the ALJ to move onto the subsequent steps in the five-step sequential evaluation process. *See* 20 C.F.R. § 416.920(c). The claimant bears the burden of proving that his impairment is severe. *See Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). Mr. Camper predicates his argument on this Court having remanded a prior case, *Albert v. Astrue*, based on an ALJ's failure to "discuss [an] impairment in any fashion." No. CBD-10-2071, 2011 WL 3417109, at *2 (D. Md. July 29, 2011). In contrast, in this case, the ALJ expressly discussed Mr. Camper's short-term memory loss in the step two analysis, and cited medical reports providing substantial evidence to support his finding that the impairment was non-severe. (Tr. 22). Moreover, even if I were to find that the ALJ erred in his evaluation of Mr. Camper's short-term memory loss at step two, such error would be harmless. Because Mr. Camper made the threshold showing that other disorders constituted severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted his ability to work. *See* 20 C.F.R. § 404.1523.

Mr. Camper next argues that the ALJ's failure to consider all of the medical evidence, specifically his failure to evaluate the opinion of State agency consultative psychologist Dr. Robert Ganter, warrants remand. Pl. Mot. 7-8. Dr. Ganter's findings made note of Mr. Camper's increasing concentration and remote recall difficulties, as well as a DSM-IV Axis IV diagnosis that Mr. Camper is afflicted with "short-term and possibly increasingly long-term memory loss/lack of work." (Tr. 462). The ALJ neglected to state how much weight he gave to Dr. Ganter's opinion. However, this error therefore does not warrant remand. This Court and the Fourth Circuit have held that an ALJ is not required to discuss each piece of evidence in the record, as long as a reviewing court can determine from the opinion "what the ALJ did and why he did it." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999) (citing *Lane Hollow Coal Co. v. Dir., Office of Workers' Comp. Programs*, 137 F.3d 799, 803 (4th Cir. 1998)); *see also Melgarejo v. Astrue*, No. JKS 08-3140, 2009 WL 5030706 at *4 (D. Md. Dec. 15, 2009) (all holding that an ALJ's duty to explain his findings and conclusions on all material issues of fact or law is satisfied when a reviewing court can determine, from an ALJ's opinion and the evidence of record, how he reached his conclusion).

The ALJ gave significant weight to relevant evidence from State agency psychologist Dr. Payne, who had reviewed Dr. Ganter's findings and opined that Mr. Camper's short-term memory loss was not the result of a medically determinable impairment. (Tr. 22, 481-93). The ALJ also correctly noted that there was "no diagnosis" of any impairments related to Mr. Camper's short-term memory problems anywhere in the record. (Tr. 22). Finally, Dr. Ganter himself concluded that Mr. Camper had a GAF score of 70, indicating relatively mild symptoms, and that his "attention and concentration were generally adequate." (Tr. 460-62). As a result, express consideration of Dr. Ganter's opinion would not impact the outcome of Mr. Camper's case. Because Dr. Ganter's report generally concurs with the ALJ's findings that Mr. Camper suffered no medically determinable non-exertional limitations, Dr. Ganter's opinion does not present any issues of analytical inconsistency relative to the overall findings. *See Lewis v. Astrue*, CIV. No. CBD-10-667, 2013 WL 1820060 at *5 (D. Md. Apr. 29, 2013) (holding that an ALJ's failure to assess a State agency physician's consultation, where that consultation is "fully consistent with the ALJ's conclusion," is not a failure to consider material evidence that warrants remand); *see also Powell v. Astrue*, No. 2:11CV41, --- F.Supp.2d ----, 2013 WL 687075 (W.D.N.C. Feb. 26, 2013) ("In the case of a consultative source, the ALJ has [wide] discretion, since only a treating source's opinion is entitled to controlling weight." (quoting *Baker v. Astrue*, No. 1:11CV00040, 2012 WL 517541 (W.D. Va. Feb. 16, 2012) *aff'd sub nom. Baker v. Comm'r of Soc. Sec.*, No. 12-1709, 2013 WL 1866936 (4th Cir. May 6, 2013))). Accordingly, I find no basis for remand.

Mr. Camper finally argues that the ALJ's failure to give weight to Dr. Ganter's opinion and to diagnose his memory loss as a severe impairment led the ALJ to erroneously exclude the memory loss limitation in the hypothetical he posited to the VE. Pl. Mot. 8-9. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). As set forth above, the ALJ's assessment that there was no link between Mr. Camper's short-term memory loss and any medically determinable impairment was supported by substantial evidence, as there was no medical diagnosis of memory loss in any of Mr. Camper's medical records save for Dr. Ganter's notations regarding Mr. Camper's "growing difficulty with maintaining concentration" (which Dr. Ganter in fact prefaced by stating that Mr. Camper's "attention and concentration [were] generally adequate."). (Tr. 460-62). The ALJ therefore did not err in excluding Mr. Camper's short-term memory loss from the hypothetical posed to the VE because Mr. Camper's short-term memory loss is supported neither by a medical diagnosis, nor by substantial evidence in the record.

Further, Mr. Camper has not established any harm from the ALJ's error. In his argument, Mr. Camper asserts that Dr. Ganter's findings of concentration difficulties make it "highly unlikely" that he could perform the skilled labor of which the VE found him capable, and that the RFC assessment thus conflicts with Dr. Ganter's medical opinion. Pl. Mot. 9. However, the VE's assessment identified both light and sedentary skilled work as options for Mr. Camper, as well as semi-skilled positions available based on work skills acquired in his past relevant work.

(Tr. 26). Moreover, the evidence of record demonstrates that the ALJ would arrive at his same conclusion (that Mr. Camper is not disabled) even if Dr. Ganter's opinion were addressed, because Dr. Ganter did not diagnose Mr. Camper with any medical problems relating to his memory loss. (Tr. 457-462). In arguing that an ALJ committed reversible error, the circumstances of the case will generally "make clear to the [reviewing] judge that the ruling, if erroneous, was harmful and nothing further need be said." *Shinseki v. Sanders*, 556 U.S. 396, 410 (2009). But if the harm is not clear from the circumstances themselves, the party seeking reversal "must explain why the erroneous ruling caused harm." *Id.* In the instant case, Mr. Camper only asserts that the ALJ erred, but cannot demonstrate that this error harmed the outcome of his case, because the evidence of record is consistent with the ALJ's overall ruling and his exclusion of short-term memory loss from the hypothetical given to the VE. *See, e.g., Smith ex rel. T.S. v. Astrue*, SAG 11-CV-165, 2012 WL 1067880 at *3 (D. Md. Mar. 28, 2012) (holding that there was no reversible error where the ALJ's decision would not change on remand).

For the reasons set forth herein, Plaintiff's motion for summary judgment [ECF No. 16] will be DENIED and the Commissioner's motion for summary judgment [ECF No. 18] will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                            Sincerely yours,

                            /s/

                            Stephanie A. Gallagher
                            United States Magistrate Judge